**Dissenting opinion issued August 16, 2012**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-11-00506-CV

_____

**SIMI, INC.; ARKI, INC.; AND FRIXOS HRISINIS D/B/A MYKONOS ISLAND RESTAURANT, Appellants**

**V.**

**HEB GROCERY COMPANY, Appellee**

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Case No. 1054772**

---

## DISSENTING MEMORANDUM OPINION ON REHEARING

The release at issue in this summary-judgment proceeding recites that the release addresses claims, demands, causes of action, injuries of every nature

whatsoever, etc., "**through the date this document is executed.**" (Emphasis added).

There is evidence in the record that the claims made the basis of the suit filed in August 2010, seek damages for the restaurant roof leaks that were experienced *after* September 12, 2006, the date that the release and settlement of HEB's 2006 suit against Mykonos was executed. This provides a bright line. Claims for damages experienced prior to September 12, 2006 are released. Those experienced thereafter are not. This requires a determination of which leaks are new and which are old . . . a task ill-suited to an appellate court.

## Review of Summary Judgment

As movant, HEB has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). The Majority Opinion believes HEB met this burden by production of (1) e-mails from Mykonos, (2) Frixos Hrisinis's deposition, and (3) the September 12, 2006 Release and Settlement Agreement, however, both the e-mails and the Release speak to leaks *before* the effective date of the Release, and do not, because they cannot, disprove Mykonos's claim that the post-Release leaks are new. Nor is Hrisinis's deposition dispositive on this issue. Mykonos's evidence suports its claim that the leaks on which this 2010 suit is based are those experienced after the Release. In deciding

2

whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon*, 690 S.W.2d at 548–49. Evidence has been proffered that Mykonos experienced new leaks after the 2006 Release and Settlement Agreement and, the Majority Opinion notwithstanding, HEB's evidence fails to negate that evidence.

## The Deposition

The Hrisinis deposition never suggests that the leaks that give rise to the 2010 suit pre-date the Release nor does his deposition testimony consider such leakage as related. The actual Hrisinis statement the Majority Opinion finds convincing was that there was "leaking" in 2000 as well as 2007. Such a statement hardly serves to prove that the leaks are the same. Rather, it merely acknowledges a leak in 2000 and a leak in 2007. Indeed, Mr. Hrisinis distinguished the leaks he experienced in 2007 as "stronger" leaks than those before. Further, exhibits were produced that referenced post-Release leaks that restaurant patrons themselves averred were "new." Taken as a whole, the deposition clearly speaks to "new" (post-Release) leaks.

## E-mails from Mykonos to HEB

Before the Release and Settlement Agreement was executed in September 2006 (indeed, during negotiations), an e-mail from Mykonos's counsel to HEB referred to "another related issue." The Majority seizes upon the catch-word

3

"related" as proof Mykonos knew the leakage claim post-release was "related" to the leakage claim pre-Release. However, this June 2006 e-mail reference would, of temporal necessity, speak to a pre-Release issue. Far from being conclusive, such a reading of this "related issue" language is rife with conjecture. Assuming for the sake of argument that HEB met its burden, Mykonos then had the obligation to point out a question of fact regarding this issue, which it did by means of an April 2007 e-mail it sent to HEB complaining of leakage that commenced *after* the release, thus raising a fact issue as to when these leaks occurred. HEB, however, failed to offer evidence that this new leakage is related to the pre-Release leakage and falls far afield from any showing that reasonable minds could ***not*** differ as to the conclusion to be drawn from the evidence.

### The Release

The Release freed HEB from "any and all . . . claims . . . known or unknown, asserted or unasserted . . . arising directly or indirectly, from any fact that made the basis of the lawsuit, the Lease, the Premises or the relationship of the Parties." As the Majority Opinion correctly notes, a valid release may encompass unknown claims and future damages. *See Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co.*, 20 S.W.3d 692, 698 (Tex. 2000). This rule's implication, as applied by the Majority would bar any and all future claims involving leaks. However, as the Majority Opinion correctly further notes, when construing a contract, we give

4

effect to the intentions of the parties as expressed in the written instrument. *See Henry v. Masson*, 333 S.W.3d 825, 844 (Tex. App.—Houston [1st Dist.] 2010, no pet.). The contract should also be read as a whole, examining the entire contract "in an effort to harmonize and give effect to all of its provisions so that none are rendered meaningless and no single provision controls." *Id*. With this in mind, the Majority gives impermissibly short shrift to the language that recites, "This release does not include any claim for breach of this Agreement and/or the Lease from this date forward." Read together, this contract language should be interpreted as applicable to damages yet to be *discovered* from the 2006 claim are barred, however this does not include breaches of the Lease from new and unrelated problems. Mykonos contends that HEB breached its duty under the Lease on a date after the September 2006 release to repair a "new" and "unrelated" leak.

## Conclusion

Mykonos has presented evidence that the roof leaks are not the same ones suffered prior to the Release. Nothing from the evidence proffered by HEB negates Mykonos's evidence.

Based on the foregoing, I withdraw my prior vote to affirm the trial court's judgment and dissent to the Court's denial of the motion for rehearing.

Jim Sharp
Justice

Panel consists of Justices Keyes, Bland and Sharp.